IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02718–LTB–KMT

JOE THRUTCHLEY,

     Plaintiff,

v.

WELD COUNTY PROBATION DEPARTMENT,
JEFF VALERIO,
KRISTY NOVOTNY,
DIONNE DARNELL,
ADAM BOTTERILL,
DEANNA NAGEL, and
KEVIN NELAN,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

     This matter is before the court on Plaintiff's failure to respond to the court's Order to

Show Cause.  (Doc. No. 26.)

     On May 20, 2011, this court entered an Order setting a Rule 16(b) Scheduling

Conference for June 15, 2011.  (Doc. No. 20.)  In preparation for the scheduling conference, the

parties conferred and, on June 6, 2011, filed a proposed scheduling order.  (Doc. No. 21.)  On

June 13, 2011, Plaintiff submitted a letter to the court in which he indicated that, for financial

reasons he had been unable to convince an attorney to take his case and he was unable to pursue

the case alone and, therefore, would not appear at the June 15, 2011 Scheduling Conference. (Doc. No. 23.)  He asserted that he has disclosed everything he had to the court and asked for "a Summary Judgment."  (*Id.*)

On June 15, 2011, the court called the scheduling conference as set.  Plaintiff did not appear.  The court construed Plaintiff's letter as a Motion to Stay and denied it.  (*See* Doc. No. 25.)  The court then ordered Plaintiff to show cause in writing, no later than June 30, 2011, why the Complaint should not be dismissed for failure to prosecute and failure to comply with court orders.  Plaintiff has not responded to the order to show cause.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).   Furthermore, Rule 16(f) provides,

> [o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice.  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely

sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir.1988) (citations omitted).

Defendants have filed and briefed a motion to dismiss and met with Plaintiff to prepare and submit a proposed scheduling order. Defense counsel also appeared at the scheduling conference called on June 15, 2011. Plaintiff has thus caused Defendants to incur expenses to defend this action and has wasted judicial resources. He has represented to the court that he lacks the resources to pursue this matter further. Plaintiff was previously warned that his failure to show cause would result in dismissal of his case, with prejudice, in its entirety.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the Complaint be dismissed with prejudice for failure to prosecute; the court further

RECOMMENDS that Defendants' Motion to Dismiss (Doc. No. 12) be denied as moot.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of July, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

5